Herbert, J.
Defendant contends, and the Court of Appeals found, that the trial court erred in holding that traffic on Derbyshire Road was restricted to a prima-facie speed limit of 25 miles per hour.
Section 731,05 of the Codified Ordinances of the City of *115 Cleveland Heights, which, in pertinent part, is substantially the same as Section 4511.21, Eevised Code, reads as follows:
“It shall be prima facie lawful for the operator of a motor vehicle, trackless trolley, or streetcar to operate the same at a speed not exceeding the following:
“(a) Twenty miles per hour when passing a school building * * *.
“(b) Twenty-five miles per hour in all other portions of a municipal corporation, except on state routes and on through highways outside business districts.
“ (c) Thirty-five miles per hour on state routes on through highways within municipalities outside business districts.” (Emphasis added.)
Our determination is thus dependent on whether Derby-shire Eoad, as to the portion in question, was a through highway within the meaning of Section 731.05 of the Codified Ordinances.
The definition of “through highway” is found in Section 4511.01(FF), Eevised Code, and Section 701.39 of the Codified Ordinances of the City of Cleveland Heights.
Section 4511.01(FF), Eevised Code, provides:
“ ‘Through highway’ means every highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same except as provided in Section 4511.65 of the Eevised Code.” (Emphasis added.)
The exception is in an amendment (128 Ohio Laws, 1270, 1277) to Section 4511.65, Eevised Code, which permits traffic under certain conditions to enter a through highway without stopping, which amendment reads:
“The Department of Highways or local authorities having jurisdiction need not erect stop signs at intersections they find to be so constructed as to permit traffic to safely enter a through highway without coming to a stop. Signs shall be erected at such intersections indicating that the operator of a vehicle shall yield the right of way or merge with all traffic proceeding on the through highway. ’ ’
Section 701.39 of the Codified Ordinances provides:
“Through highway includes every highway or portion thereof at the entrance to which vehicular traffic from inter *116 secting highways is required by law to stop before entering or crossing the same.” (Emphasis added.)
The language of the statute (Section 4511.01 (FF)) and ordinance (Section 701.39) is plain and unambiguous. If vehicular traffic from intersecting streets is required to stop before entering a street, the latter street is a “through highway.”
Derbyshire Road is in the residential section of the city, and the portion of Derbyshire Road on which the cause of action arose is between its intersection with Overlook Lane and its intersection with Mornington Lane. There are no streets between these two intersections. There are stop signs at these intersections which require vehicles to stop before entering Derbyshire Road. This portion of Derbyshire Road is, therefore, a through highway, since traffic on intersecting streets must stop before entering or crossing it.
The posting of signs by local authorities limiting the speed on Derbyshire Road to 25 miles per hour had no legal effect. Section 4511.21, Revised Code, permits local authorities to authorize by ordinance higher prima-facie speeds than those set forth in the section, but only the Director of Highways can declare lower prima-facie speeds.
Title 45 of the Ohio Revised Code was enacted to provide uniformity in traffic rules throughout the state. Such uniformity is essential both for traffic safety and for efficient traffic regulation.
If conditions on Derbyshire Road are such that a speed of 35 miles per hour is unsafe or unreasonable, a procedure for correcting such situation is provided by Section 4511.21, Revised Code.
In the instant case, the local authorities did not seek the relief provided by Section 4511.21. They posted signs purporting to set the speed limit at 25 miles per hour. This was not sufficient to change the prima-facie limit, since such posting did not comply with the procedural requirements of Section 4511.21, Revised Code. Derbyshire Road was a through highway, and it was, therefore, prima facie lawful for defendant to drive thereon at a speed of 35 miles per hour.
The judgment of the Court of Appeals, so far as it deter *117 mined that Derbyshire Road is a through highway, is affirmed, but that portion entering final judgment for the defendant is reversed for the reason that the trial court should determine whether, under all the conditions then existing, a speed of 36 miles per hour was “a speed greater * * * than is reasonable or proper, having due regard to” the conditions specified in Section 4511.21, Revised Code.
The cause is remanded for proceedings in accordance with this opinion.

Judgment affirmed in part and reversed in part.

Taft, C. J., Zimmerman, Kerns, O’Neill, Griffith and Gibson, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Matthias, J.